In the matter of the last will and testament of LOUISA M. WADSKIER.

[Argued November 26th, 1917. Decided March 4th, 1918.]

1. A general legacy, from the time it becomes payable, which is one year after the death of the testator, draws interest at the legal rate.

2. "With accrued interest" in a decree means at the legal rate of interest when no other sum or rate is mentioned.

---

On appeal from a decree of the prerogative court.

*Mr. Charles V. D. Joline* and *Mr. Lewis Starr,* for the appellant.

*Mr. John F. Harned,* for the respondent.

The opinion of the court was delivered by

BLACK, J.

The sole question to be decided in this case is the rate of interest, that a general legacy draws after the expiration of one

year, from the death of the testatrix, whether legal interest is due or only such interest as the fund has earned. We think this question is not open to discussion in this state. The rule declaring the rate of interest recoverable has been settled by this court.

Interest is recoverable on a general legacy, from the expiration of one year from the testator's death, unless some other period is fixed by the will for the payment of the legacy, was decided by this court, in the case of *Davison* v. *Rake, 45 N. J. Eq. 767;* so, it was decided by the supreme court, that general legacies shall be due and payable at the expiration of one year from the testator's death, and shall bear interest from that date. *Welsh* v. *Brown, 43 N. J. Law 37.* This is the rule established in this state by a long line of authorities.

While the rate of interest in those cases was not the point under discussion, yet, nowhere, is there any mention that the rate of interest shall be less than the legal rate, inferentially, the legal rate was the rate contemplated, in the case of *Welsh* v. *Brown, supra;* the suit was instituted to recover one hundred and seventy five ($175) dollars, one year's interest at the legal rate, on a legacy of twenty-five hundred ($2,500) dollars.

In the books there are many cases illustrating the principle on which interest is allowed, either by way of damages for the detention of the fund or by way of profit earned. Where interest is given by way of damages, for the detention of a debt, the general rule is that the legal rate is recoverable (*Wilson* v. *Cobb, 31 N. J. Eq. 94*); a contract which provides for the payment of interest, but fixes no rate, the law fixes the rate at the legal rate. *Bowne* v. *Ritter, 26 N. J. Eq. 459.* The learned viceordinary points out in his opinion filed in this case a long line of authorities, in sister jurisdictions, holding, that a general legacy from the time it becomes payable, will draw interest, at the legal rate, in the jurisdiction where the estate is administered. Such is the rule to be applied in this state.

The clause of the will of the testatrix, out of which this controversy arose, was before this court in the case of *In re Wadskier. 86 N. J. Eq. 259.* This court affirmed the decree of the orphans

court of Camden county; that decree provided that the legacy be paid by the executor "with accrued interest less any collateral inheritance tax assessed or to be assessed." This decree fixed the amount to be paid by the executor with accrued interest. The clear meaning of these words could not be misunderstood. The rate of interest was clear. It is the legal rate of six per cent., for no other rate or sum was fixed or mentioned. We think the rate of interest, *i. e.,* the legal rate of six per cent. on ten thousand ($10,000) dollars, less taxes, was *res adjudicata* in the prerogative and orphans court below. It was, therefore, improper for those courts to reopen this question and decide it *de novo.* Those courts should have given effect to the decree of the orphans court of Camden county, affirmed by this court.

The decree of the prerogative court affirming the decree of the orphans court of Camden county will, therefore, be reversed and remanded to that court, to enter a decree in accordance with the views expressed in this opinion.

*For affirmance*—None.

*For reversal*—Garrison, Swayze, Trenchard, Parker, Bergen, Kalisch, Black, White, Heppenheimer, Williams, Gardner—11.